CASE 58—PETITION EQUITY—DECEMBER 1.

# Lisle, &c., v. Tribble.

### APPEAL FROM CLARK CIRCUIT COURT.

1. A GIFT CAUSA MORTIS IS MADE UPON THE IMPLIED CONDITION that if the donor recovers, or if the donee dies first, the gift shall be void; and upon the happening of either of these conditions the donor is entitled to recover the thing given. Nor will mere delay to demand the thing, short of the statutory period of limitation, deprive the donor of this right. But the donee may rely upon any transaction between himself and the donor, or upon any conduct of the donor with reference to the gift, that would amount to a legal defense, as that the donor, after his recovery, agreed, for a valuable consideration, that the donee might still hold the thing given.

2. WHERE THERE IS AN EXCHANGE OF PROPERTY AND THE TITLE TO THE PROPERTY GIVEN BY ONE OF THE PARTIES FAILS, thereby causing a failure of consideration, the other party can recover the property given by him, provided the rights of third parties have not intervened, or he may recover damages, at his election.

   Where a wife who had made her husband a gift *causa mortis* of a note which she held against him agreed with him, upon recovering from her sickness, that he might destroy the note in consideration that he would make an additional will devising to her land equal in value to the amount of the note, the husband having died without making the will, the wife is entitled to recover against his estate upon the note and the note should not be credited by the value of personal estate received by the wife under the husband's will.

3. LEGACY IN SATISFACTION OF INDEBTEDNESS.—If a legacy is not equal in amount to the testator's indebtedness to the legatee no presumption arises that the legacy was intended as a satisfaction, either in whole or in part, of the indebtedness. Nor does a presumption of satisfaction arise from a devise of land, the subject matter of the devise being of a different nature from the indebtedness.

4. SAME.—Where the testator, being in a condition to be both just and generous, directs that his just debts be paid, and the language of the will does not import payment, the legacy is to be regarded as a bounty and not as a satisfaction of the testator's indebtedness to the legatee.

HAGGARD & BENTON FOR APPELLANTS.

1. A promise for a valuable consideration to make a certain provision for another by will is sufficient to sustain an action if the promise is not

Lisle, &c., v. Tribble.

complied with.  (Myles Ex'r, &c., v. Myles, 6 Bush, 245; McGuire
v. McGuire, 11 Bush, 143.)

2.  When a note is surrendered in consideration of a promise to make a
certain provision in a will, which is not done, the action must be for
a breach of the promise and not upon the note.

BECKNER & JEFFRIES for appellee.

Brief not in record.

JUDGE BENNETT delivered the opinion of the court.

It appears that A. J. Tribble, husband of the appellee,
Elizabeth T. Tribble, executed, in 1875, his promissory
note to the appellee, who was then his wife, for the sum
of one thousand dollars, due and payable one day after
date.  In 1887 A. J. Tribble made a will by which he
directed that "all his just debts be paid." He also willed
to his wife, the appellee, all his personal property abso-
lutely, and his real estate during her life, remainder to
his niece, the appellant, subject to the charge of some
special legacies, amounting to about $2,500.  Not long
after making the will said Tribble died and the will was
probated.

The appellee, after the probate of the will, sued on
the above-named note and sought to subject the re-
mainder interest of the appellant in said land to its pay-
ment.  After the parties had pleaded to an issue, the appel-
lant filed a second abended answer, by which it appears
that a few months before the death of A. J. Tribble the
appellee, while very sick and not expecting to recover
from it, gave the note to her husband *causa mortis;* that
the husband, within an hour after receiving the note,
promised the appellant to will her additional property in
land equal in value to the note, in consideration of the
gift of the note *causa mortis;* that the appellee recovered

from her sickness and never required her husband to return the note to her but let him keep and destroy the same with the understanding that he was to will her the value of the note in land in addition to what he had already willed her, but he neglected to make the devise. These facts the appellant relies on to estop the appellee from recovering on the note, contending that she should resort to her action of *assumpsit* against the estate to recover the value of the note. The appellant proves substantially the foregoing facts, with the additional ones that A. J. Tribble often expressed his purpose to make the additional will, and on several occasions went to town to have his attorney make it, but his attorney put him off for the present, or was out of town, and he died without having made it, but regretted on his death-bed that he had put it off until it was too late.

The lower court gave judgment on the note for its principal and interest subject to a credit of $595.00, the value of the personal property that the appellee received from the estate under the will; the court also subjected the remainder interest of the appellant to sale for the satisfaction of said judgment. From that judgment the appellant appeals, but the appellee does not take a cross appeal.

There is no doubt that the note was given to the appellee for money that belonged to her, the proceeds of her land, and that the husband was bound on the note. It is admitted that the gift was made *causa mortis.*

It is thoroughly settled that such gifts are made upon the implied conditions that " if the donor recovers, or if the donee dies first, the gift shall be void," and the donor is entitled to recover it at any time from the donee or his

representatives, until his right is barred by time. Mere delay to demand the thing short of the statutory period of limitations in such cases will not prevent the donor from demanding it and recovering it. But the donee or his representative can rely upon any transaction between the donor and donee or any conduct of the donor in reference to the gift that would amount to a legal defense or an estoppel. For instance, in this case, the donee, if living, could have relied on the agreement made after the gift *causa mortis* had ceased that he was to be entitled to the note upon the consideration that he would will to the donor the value of the note in land, and that he had made the will accordingly, or was willing to do so, and upon his doing so the court would dismiss the action, or his representative could have defeated the action by showing that the donee had willed, by valid will, the additional property agreed to be willed to the donee in consideration of the gift. But the donee failed to make the will. What then was the remedy of the donor? It seems that the principle would be readily recognized that in the case of a total failure of consideration, as in this case, the parties ought to be placed, if it can judicially be done, in *statu quo*, which consists, in this case, in restoring the donor's right to the note and letting the devisees of the land hold it subject to the devisor's indebtedness on account of the note. It seems to be the rule in all cases where property is given in consideration of property agreed to be given for it, and it turns out that the title of the property agreed to be given fails, thereby causing the consideration to fail, the other party can recover the property given by him, provided that such rights of third parties as the law protects in such cases

have not intervened; or he may let the title remain in the other party and receive compensation in damages, etc., at his election. So in this case the appellee, the consideration having failed, had the right to recover the note itself or to let the title remain with the donee and recover its value in damages. She elected to pursue the former course, and to recover judgment upon the note itself. This, as said, she had the right to do.

The action of the court in crediting the note with the amount of the personal estate that the appellee received under the will was error; *first*, because as the value of the devise of personal estate to the appellee was not equal, at least, to the amount of his indebtedness to her, no presumption arises that the devise was to be in satisfaction of the indebtedness; *second*, if the amount of devise is less than the indebtedness no presumption arises of a satisfaction *pro tanto; third,* nor does the presumption of a satisfaction arise if the devise is of a different nature as to the subject matter from the indebtedness; hence, no presumption of satisfaction could arise from the devise of land to the appellee; *fourth*, as the testator directed in his will that his just debts should be paid, and as he was in a condition to be both just and generous, and as the language of the will does not import payment, the legacy is to be regarded as a bounty and not as a satisfaction of the indebtedness. (Cloud and wife v. Clinkinbeard's Ex'rs, 8 B. M., 398.) But as the appellee has not cross appealed, the judgment must be affirmed.

Judgment affirmed.