## Whitaker, et al. v. Whitaker's Administrator.

(Decided November 10, 1915.)

Appeal from Boone Circuit Court.

1.　Wills—Husband and Wife—Devise by Husband to Wife.—Where a husband devises to his wife a tract of land upon which she has

an equitable lien, and otherwise generously provides for her during her life, they being childless, and his will shows his purpose that his relatives at her death shall receive the remainder of his estate, the farm devised in fee being greater in value than the amount of her lien, the devise will be deemed a satisfaction of her claim notwithstanding the general provision in his will for the payment of debts.

2. Wills—Death of Parties Directly in Interest.—When the parties directly in interest have all died, the chancellor will generally give such effect to the old transactions between them as they themselves by their conduct have given.

3. Wills—Construction.—The rule that where a legacy or devise is equal to or greater in value than a claim against the testator the legacy or devise will be deemed a satisfaction, like all exceptions to it, is only a rule of construction, and like all such rules must give way before the intention of the testator when it can be fairly ascertained.

CLORE, DICKERSON & CLAYTON for appellants.

S. GAINES for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

In 1882 Thomas S. Whitaker and Sarah F. Whitaker had been married for several years and lived upon his farm of about three hundred acres in Boone county. They did not then have and never had any children.

At that time he bought another tract of land of about thirty-eight acres, known as the Gaines farm, and in paying for same used $1,200 of her money. They moved to the Gaines farm and lived there until his death in 1908.

After his death there was found among his papers the following instrument:

"Boone County, Kentucky, May 5th, 1885.
"$1,200.00.

"Due Sarah F. Whitaker Twelve Hundred ($1,200.00) Dollars on demand it being the amount she paid on the land at Gainesville bought of A. S. Gaines, witness my hand and seal.

"THOMAS S. WHITAKER."

Thomas S. Whitaker left a will by the terms of which he devised to his wife in fee the Gaines farm of about thirty-eight acres above referred to, and also devised to her for life the three-hundred acre farm upon which they had formerly lived, and devised to her for life all of his personal estate. The value of the Gaines farm was

$3,000 or more, and the value of the three hundred acre tract about $10,000, and his surplus personal property after the settlement of his estate amounted to something over $4,000.

The wife was named as executrix in the will, but declined to qualify, whereupon her nephew, J. M. Grant, qualified as administrator with the will annexed and proceeded to and did settle the estate.

Shortly after the death of Thomas S. Whitaker the paper dated May 5th, 1885, was turned over to her by the administrator, and, although she had possession of the paper until her death in May, 1912, it was never verified by her or presented as a claim against the estate of her husband during her life time.

After her death the same J. M. Grant qualified as her administrator, verified this claim and brought this equitable action against the devisees in remainder of the three hundred acre tract of land, and seeks to subject same to the payment of the claim. The lower court entered a judgment for the plaintiff and adjudged the same to be a lien upon the three hundred acre tract, and the devisees in remainder have appealed.

The only question necessary to be passed upon is whether the devise by the husband to the wife of the Gaines farm is to be treated as a satisfaction of her claim.

Whitaker in his will first provided for the payment of all his just debts and funeral expenses; he then gave to his wife in fee the Gaines farm; he then gave to her the three hundred acre farm for life, and in remainder gave it to his two brothers and the children of his deceased sister; he then gave her all of his personal property for life and in remainder to his heirs. This will was dated in June, 1906, more than twenty-four years after the purchase of the Gaines farm, and more than twenty-one years after the execution by him of the paper above quoted. That paper was found among his effects after his death, and it does not appear that his wife ever had possession of the same until then. In his will he does not mention any debt owing to his wife nor does he refer in any manner to the fact that she had furnished any part of the money to pay for the Gaines farm.

There are many exceptions to the general equitable rule that where a legacy or devise is equal to or greater in value than a claim against the testator, the legacy or

devise will be deemed a satisfaction; in fact there is a tendency of the courts to seize upon very slight circumstance out of which to make an exception to the rule. For instance, the rule will not be applied where the legacy is of less value than the debt; nor where there is a difference in the time of payment of the debt and the legacy; nor where they are of a different nature as to the subject matter; nor where there is an express direction in the will for the payment of debts. Cloud v. Clinkenbeard's Exors. 8 B. M., 397.

These exceptions, however, are all based upon the idea that they evidence a purpose by the testator that the bequest or devise shall be treated as a bonus rather than a satisfaction of the claim.

But the facts of this case do not bring it within any of these exceptions; the value of the devise is largely in excess of the claim; the devise and the claim refer to the same subject matter, for the paper quoted shows that the money which the wife had advanced was used in paying for the property which was devised to her; the claim had been long since due at the time of his death and the devise took effect at his death. Nor can the general direction in his will to pay his debts, under the circumstances of this case, be deemed to operate as an exception to the general rule; for, in the first place, it is apparent that he was not treating this claim held by his wife as an ordinary claim against his estate, but was treating it as is unmistakably shown by the paper dated the 5th of May, 1885, as an equitable lien which she had against the Gaines farm into which her money had gone, and it is not unnatural that when he came to make his will twenty-four years later he should treat the devise to her in fee of the Gaines farm, worth more than her lien upon it, as a satisfaction of her claim; in the next place, the subsequent conduct of the widow, who survived her husband four years, and being cognizant of all the facts and in possession of this paper, stood by and saw his estate fully settled without verifying or presenting this claim for payment. This conduct is inconsistent with any other view than that she treated, and knew that her husband intended, that the devise to her of the Gaines farm in fee was a satisfaction of this claim.

There is no safer or more salutary equitable rule than that the chancellor, after a long lapse of years when the parties directly in interest have all died, will

give such effect to the old transactions between them as they themselves by their conduct have given. It is not unfair to assume from the tender and intimate relations which existed between this old couple, that the wife after his death knew that he intended the devise of the Gaines farm to her to be in satisfaction of her claim, and so knowing, and being a conscientious woman, declined to present her claim; at any rate no other effect in law can be given to her failure to do so.

We have carefully examined all of the cases in this State wherein exceptions to the general equitable rule have been applied, and in none of them do we find the facts to be in anywise similar to those in this case.

The case of Cloud v. Clinkenbeard's Exors. was an action by the plaintiff on an implied promise to pay for services rendered, and the executors sought to defeat a recovery by relying upon the provisions of the decedent's will wherein he had bequeathed the claimant $500 and some specific personal property. In that case the bequests were less in value than the indebtedness and made payable at a different time, and it was held that they were not to be deemed to be given in satisfaction of the debt.

The case of Lisle v. Tribble, 92 Ky., 304, was where the husband died owing his wife $1,000, evidenced by note; after his death she brought a suit on the note, and the lower court gave her judgment for the amount of the note, but credited it by the value of certain personal property which he had bequeathed to his wife in his will. This the court said was error because the value of the personal property was less than the amount of the debt, and because the presumption of satisfaction will not arise where the devise is of a different nature from the subject matter of the indebtedness, and because the testator had made a provision in his will for the payment of his just debts. But in that case the claim of the wife was an ordinary or general claim against his estate, and did not represent a lien upon any particular property, and the circumstances were such that he would be presumed to have intended to provide for the payment of her debt as well as all others, it being a general debt, and not being a lien upon any particular property nor directly connected with or associated with any particular property held in his name.

The case of Buckner's Admr. v. Martin, 158 Ky., 522, was where a mother devised to her unmarried daughter a defeasible fee in certain property worth twice as much as the mother owed the daughter as her guardian, and it was held that this devise was not intended as a satisfaction of the debt she owed as guardian.

In our view the facts of this case do not bring it within any of the exceptions to the equitable rule; the husband nearly a quarter of a century after his wife's money had been invested in the Gaines farm, during which period he had recognized the fact that she had a lien thereon, when he came to make his will, instead of providing otherwise for the payment of this money devised specifically to her in fee the tract of land upon which she had a lien, and the wife although she lived for four years after his death failed to verify or to present any claim against his estate on that account presumably because she knew the devise was intended as a satisfaction. To permit her estate, after her death, to subject the land held by the remaindermen under her husband's will would be to thwart not only the testator's purpose but his wife's as well.

Where a testator devises to his wife specific property upon which she has a lien, the property being of greater value than the lien—they being childless—and it is apparent from his will that he intends that the remainder of his property at her death shall go to his kindred, the devise will be treated as a satisfaction of the lien; and particularly where he has been otherwise generous with his wife, who after his death acquiesced in the devise and treated it as in satisfaction, and failed, in her life time, to verify and file her claim against his estate for the amount of the claim.

The rule is only one of construction, and all rules of construction in determining what wills mean must give way before the intention of the testator when it can be fairly ascertained. In this case the wife had no children; she was not only given the fee simple title to the Gaines place, but was given for life all his property of every kind, which doubtless furnished her an income far in excess of her needs. The testator after thus generously providing for her, plainly next considered his own blood relatives, for he gave them, after the expiration of her life estate, all of his property except the Gaines place which she had helped to pay for.

In the light of these conditions, and the fact that his widow by her conduct after his death herself so construed his will, it would plainly do violence to his purpose to say that he intended his wife to have the Gaines farm and in addition to exact from his kindred the payment of her claim, out of their remainder in the other land.

The devise, in fee, of the land upon which she had a lien, being greater in value than the lien, must under such conditions be deemed in satisfaction of such claim, notwithstanding the direction for the payment of debts; for it is apparent that he did not consider this claim a debt at the time he simultaneously devised her the fee in the Gaines farm upon which it was a lien.

The judgment is reversed with directions to dismiss plaintiff's petition.